KLEIN, Judge.
We affirm a declaratory judgment finding no coverage because, although the car involved in the accident would have been “newly acquired” if it had been owned by the named insured, an endorsement excluded this coverage for a vehicle owned by appellant.
Appellant Beliveau was employed by Communications, Inc. which owned a 1990 Volvo. Communications obtained coverage with State Farm for the Volvo and was the named insured, but an endorsement extended coverage to Beliveau as if she were the named insured.
*500 While the policy was in effect, Beliveau acquired a Dodge on May 15, 1992, and signed an application with State Farm for a separate policy on that vehicle on May 26, 1992, with coverage to begin on June 1,1992. Before the new policy went into effect, however, she was struck by an uninsured motorist. Beliveau asserts she has newly acquired vehicle coverage under the policy covering the Volvo.
The endorsement giving coverage to Beli-veau on the Volvo Provides:
EXTENSION FOR NAMED PERSON
This endorsement is part of your policy. Except for the changes it makes, all other terms of the policy remain the same and apply to this endorsement. It is effective at the same time as your policy if issued with it. If issued at a later date the name, policy number and effective date must be shown.
Issued by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY of Bloomington, Illinois, or the STATE FARM FIRE AND CASUALTY COMPANY of Bloomington, Illinois, as shown by the company’s name on the policy of which this endorsement is a part.
Named Insured-
Policy number_Countersigned-, 19—
Effective date_By-
12:01 A.M. Standard Time Authorized Representative
In consideration of the premium charged, it is agreed:
1. the coverage afforded by this policy is extended to [Bianca Beliveau] as though he or she were the named insured in the declarations of the policy.
2. THE EXTENSION OF COVERAGE DOES NOT APPLY TO ANY ACCIDENT OR LOSS INVOLVING A LAND MOTOR VEHICLE OWNED BY OR REGISTERED IN THE NAME OF THE PERSON NAMED ABOVE, SPOUSE OR RELATIVES OF EITHER.
3. THE PERSON NAMED ABOVE WILL NOT BE GIVEN NOTICE OF PREMIUM OR A NOTICE REQUIRED BY ANY POLICY PROVISION as all such notices will be sent to the named insured shown in the declarations of the policy. (Brackets added).
We agree with the insurer that paragraph number two of the above endorsement excludes coverage for this accident. It does not conflict with the newly acquired vehicle provision in the main portion of the policy, because that coverage would be applicable if the named insured had obtained a newly acquired vehicle. Beliveau is not a named insured, however, and has not cited any authority holding that the insurer could not exclude coverage for vehicles registered in Beliveau’s name, such as the Dodge which was involved in the accident in this case.
Affirmed.
GLICKSTEIN, J., and ANGELOS, CYNTHIA G., Associate Judge, concur.